Filed 5/21/20  Certified for Publication 6/19/20 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FOUR

| | |
|---|---|
| RICHARD SIMMONS, et al. | B296220 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC708736) |
| v. | |
| BAUER MEDIA GROUP USA, LLC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge. Affirmed.

Davis Wright Tremaine, Eric M. Stahl, Cydney Swofford Freeman and Elizabeth A. McNamara, for Defendant and Appellant.

Johnson & Johnson, Neville L. Johnson and Ronald P. Funnell for Plaintiffs and Respondents.

Defendant and appellant Bauer Media Group USA, LLC, an entertainment magazine publisher, appeals from the denial of its special motion to strike the first amended complaint of plaintiffs and respondents Richard Simmons and Teresa Reveles (*i.e.*, an anti-SLAPP motion under Code of Civil Procedure section 425.16.).[1]

The well-known Simmons describes himself as "a health and fitness guru, motivational life coach, comedian, and actor." Reveles is Simmons's live-in caretaker. By driving him in her car, Reveles also serves as Simmons's "exclusive method of transport." Simmons and Reveles sued Bauer after discovering that Scott Brian Mathews, a private detective hired by Bauer, unlawfully attached an electronic tracking device to Reveles's car. They also sued Mathews and Mathews's sole proprietorship, a detective agency called LA Intelligence.[2] Asserting Mathews's use of the tracking device was within the course and scope of his employment by Bauer — something Bauer vehemently denies — the first amended complaint alleges various causes of action seeking a statutory penalty and damages arising from the use of that device.

We conclude Bauer failed to demonstrate the conduct at the heart of the lawsuit — the unlawful use of the tracking device — is, as Bauer contends, "conduct in furtherance of its exercise of the right of free speech in connection with issues of public

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Neither Mathews nor LA Intelligence is a party to this appeal.

2

interest[.]" (*See* § 425.16, subd. (e)(4).) We therefore affirm the denial of Bauer's anti-SLAPP motion.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Facts

In 2014, Simmons suddenly withdrew from the spotlight and has since intentionally avoided appearing in public. On April 18, 2017, Reveles drove Simmons to Cedars-Sinai Medical Center, where he was admitted. Simmons was discharged from the hospital on April 20, 2017. An extensive media presence outside the hospital during his stay helped fuel speculation over the reasons for his hospitalization.

Bauer owned the tabloid *In Touch Weekly* at the time.[3] Through the tabloid's editor, Bauer hired Mathews and LA Intelligence. On his website, Mathews advertises his agency's "primary" reliance on "surveillance" to "solve cases," including the "use [of] the most state-of-the-art video equipment and GPS tracking devices." Mathews's invoice indicated the service he provided to Bauer consisted of 12 hours of surveillance at Cedars-Sinai Medical Center on April 18, 2017.

Months later, an electronic tracking device, traceable to Mathews, was found on Reveles's car. The device had been monitoring her travel since Simmons's hospitalization. Mathews was charged with two counts of unlawfully using an electronic tracking device in violation of Penal Code section 637.7,

---

[3]    Bauer owned *In Touch Weekly* until the Fall of 2017.

subdivision (a).[4] He subsequently entered a negotiated plea of no contest to two amended counts of vehicle tampering in violation of Vehicle Code section 10852,[5] and was placed on three years of probation. The remaining counts were dismissed.

## B.     First Amended Complaint

Simmons and Reveles filed a complaint against Mathews in early June 2018 and a first amended complaint for six causes of action in early July, adding LA Intelligence and Bauer as defendants. The first amended complaint alleges Mathews is personally liable and Bauer is vicariously liable for (1) violating Penal Code section 637.7, pursuant to a private right of action under Penal Code section 637.2, (2) invasion of privacy (intrusion), (3) physical invasion of privacy in violation of Civil Code section 1708.8, subdivision (b),[6] (4) trespass and (5) trespass

---

[4]     Penal Code section 637.7 subdivision (a) provides: "No person or entity in this state shall use an electronic tracking device to determine the location or movement of a person."

[5]     Vehicle Code section 10852 states, "No person shall either individually or in association with one or more other persons, willfully injure or tamper with any vehicle or the contents thereof or break or remove any part of a vehicle without the consent of the owner."

[6]     Civil Code section 1708.8, subdivision (b) provides: "A person is liable for constructive invasion of privacy when the person attempts to capture, in a manner that is offensive to a reasonable person, any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a private, personal, or familial activity, through the use of any device,

4

to chattels. A sixth cause of action asserts Bauer is liable for the negligent hiring and supervision of Mathews. The unlawful placement and use of the tracking device is the conduct forming the gravamen of each cause of action.

### C. Anti-SLAPP Motion and Trial Court's Ruling

Bauer filed a special motion to strike the first amended complaint in its entirety under the anti-SLAPP statute. In its anti-SLAPP motion, Bauer argued (1) the causes of action in the first amended complaint are issues of public interest and protected under section 426.15 because they "arise *solely* from its newsgathering conduct related to celebrity fitness guru Richard Simmons' [*sic*] abrupt and well-publicized retreat from public view in 2014, and his subsequent hospitalization in 2017"; (2) Mathews acted as an independent contractor when he unlawfully deployed the tracking device without Bauer's knowledge and consent; and (3) Bauer had no reason to suspect Mathews would engage in such conduct.

In support of the motion, Bauer submitted declarations of Mathews and Chris Myers, the former editor of *In Touch Weekly*, who hired Mathews. Both stated Mathews's only assignment was to photograph Simmons leaving Cedars-Sinai Medical Center on April 18, 2017 for a potential news story; no photographs were taken; and no one at Bauer or *In Touch Weekly* told Mathews to attach an electronic tracking device to Reveles's car. Meyers also

---

regardless of whether there is a physical trespass, if this image, sound recording, or other physical impression could not have been achieved without a trespass unless the device was used."

5

declared *In Touch Weekly* elected not to print a story about Simmons's hospitalization.

In opposition to the motion, Simmons and Reveles argued (1) Bauer's and Mathews's violation of Penal Code section 637.7 gave rise to the six causes of action, and this unlawful misconduct is not protected under section 425.16; (2) Bauer is vicariously liable for the intentional tortious acts committed by Mathews; and (3) Bauer's negligence in hiring and supervising Mathews is a question of fact for the jury.

The trial court denied the anti-SLAPP motion. Bauer filed a timely notice of appeal.

## DISCUSSION

### A.    Anti-SLAPP Statute and Standard of Review

A SLAPP suit "seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. [Citation.]" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055.) "The Legislature enacted [Code of Civil Procedure] section 425.16," known as the anti-SLAPP statute, to provide "for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 315-316.) The statute is to "be construed broadly." (§ 425.16, subd. (a).)

Section 425.16 identifies four categories of protected conduct. The fourth or catch-all category, at issue here, is "conduct in furtherance of the exercise of the constitutional right

of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).)

"We review de novo a trial court's decision on an anti-SLAPP motion. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788 [249 Cal.Rptr.3d 295, 444 P.3d 97].) The anti-SLAPP statute requires a two-step process: 'At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them . . . . If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached. There, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated. The court, without resolving evidentiary conflicts, must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment. If not, the claim is stricken.' (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 [205 Cal. Rptr. 3d 475, 376 P.3d 604] . . . .) In making these determinations the court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).)" (*Briganti v. Chow* (2019) 42 Cal.App.5th 504, 508.)

## B.    The First Amended Complaint Does Not Fall Within the Anti-SLAPP Statute

Bauer contends it is entitled to protection under the anti-SLAPP statute because the first amended complaint arises from Bauer's conduct in furtherance of the right to report the news. According to Bauer, hiring an independent contractor to photograph Simmons for a potential news story constitutes "'conduct in furtherance of the exercise of . . . the constitutional right of free speech in connection with an issue of public interest[,]'" namely, a celebrity's hospitalization following his well-publicized disappearance from public life.

Bauer reasons it is entitled to the same protection under section 426.15 that has been afforded other media defendants. To support this reasoning, Bauer relies principally on this court's decision in in *Lieberman v. KCOP Television, Inc.* (2003) 110 Cal.App.4th 156 (*Lieberman*) as "squarely on point." In *Lieberman*, the plaintiff sued a television network for violating Penal Code section 632, after it aired a news report based on secret audio recording excerpts identifying him as a physician who improperly prescribed controlled substances. (*Id.* at p. 161.) Penal Code section 632 prohibits the surreptitious recording of confidential communications without the parties' consent. The plaintiff alleged the audio recordings were unlawfully made without his knowledge or consent during office visits with network personnel or agents posing as patients. (*Id.* at pp. 161-162.) A different panel of this court concluded that issuing prescriptions for controlled substances for a nonmedical purpose

8

was an issue of great public interest. (*Id.* at pp. 164-165.) Because the purportedly unlawful audio recordings furthered free speech rights by assisting the reporting of this news, the physician's complaint fell within the scope of section 425.16. (*Id* at p. 165.)

Bauer maintains because the first amended complaint "is rooted" in its newsgathering activity, Simmons and Reveles "cannot strip Bauer of anti-SLAPP protection simply by labeling the activity 'illegal.'" Accordingly, Bauer concludes, the trial court erroneously determined it failed to make the threshold showing under section 425.16 to shift the burden to Simmons and Reveles to show a probability of prevailing on their causes of action.

It is beyond dispute that reporting the news is an exercise of free speech. (See, e.g. *Phila. Newspapers v. Hepps* (1986) 475 U.S. 767, 775-776 [89 L.Ed.2d 783, 792, 106 S.Ct.1558, 1563] [newspaper articles equated with free speech]; *Joseph Burstyn. v. Wilson* (1952) 343 U.S. 495, 501 [96 L.Ed.1098, 1106, 72 S.Ct. 777, 780]) [newspapers characterized as a form of "expression"]; *Lieberman, supra,* 110 Cal.App.4th at p. 165 [reporting the news qualifies as free speech].) California courts have also held pre- and post-reporting conduct, such as investigating, newsgathering, writing, and interviewing is conduct in furtherance of free speech. (See, *Tamkin v. CBS Broadcasting, Inc.* (2011) 193 Cal.App.4th 133, 143 ["An act is in furtherance of the right of free speech if the act helps to advance that right or assists in the exercise of that right;" holding writer's use of plaintiffs' names in a television show's draft script qualified as protected conduct because it "helped to advance or assist in the creation, casting, and broadcasting of an episode of a popular television show"]; *Hunter v. CBS Broadcasting, Inc.* (2013) 221 Cal.App.4th 1510, 1521 [Network's selections of weather anchors,

essentially casting decisions, helped advance or assist freedom of speech and were thus protected conduct].) As in *Lieberman*, courts have held defendants may satisfy the showing they were engaged in conduct in furtherance of free speech under section 426.15, even when their conduct was allegedly unlawful. (See *Taus v. Loftus* (2007) 40 Cal.4th 683, 713, 727-732 [holding that defendants' investigation, including an interview that was allegedly fraudulently obtained, constituted protected activity]; *Hall v. Time Warner, Inc.* (2007) 153 Cal.App.4th 1337, 1342, 1347 [same].)

The issue here is whether the first amended complaint takes aim at activity by Bauer in furtherance of its free speech rights. The anti-SLAPP statue applies "only if the speech or petitioning activity *itself* is the wrong complained of, and not just . . . a step leading to some different act for which liability is asserted." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060 (*Park*).) As noted, Bauer characterizes its protected activity as "newsgathering," by "engaging an independent contractor to take news photographs" of a celebrity for a potential news story. But resolving an anti-SLAPP motion requires courts to "consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park, supra,* 2 Cal.5th at p. 1063.) Our examination of each of the pleaded theories of liability reveal none of the causes of action asserted against Bauer arise from Bauer's or *In Touch Weekly's* mere hiring of Mathews to photograph Simmons outside Cedars-Sinai Medical Center on April 17, 2018. (*See Id.* at p.1063 ["A claim arises from protected activity when that activity underlies or forms the basis for the claim [Citations]"].) Thus, to the extent

10

the newsgathering activity claimed by Bauer qualifies for first amendment protection, this lawsuit does not chill it.

All six causes of action do arise, however, from Bauer's purported involvement in Mathews's illegal use of an electronic tracking device, as "the wrong complained of[.]" (*See Park, supra* 2 Cal.5th at p. 1060.) Bauer does not contend Mathews's use of the device was lawful; rather it steadfastly denies knowing about, consenting to, directing, or participating in the alleged activity. Thus, Bauer's argument that it is entitled to the same first amendment protection as the defendant in *Lieberman, supra,* 110 Cal.App.4th 156, is a red herring. Unlike Bauer, the defendants in *Lieberman* and similar cases did not deny participation in the purported wrongdoing; instead, they asserted it was protected conduct in furtherance of free speech as defined by section 416.15, assertions with which the appellate courts agreed. (*Lieberman, supra*, 110 Cal.App4th at pp. 165-166, *Taus v. Loftus, supra,* 40 Cal.4th at pp. 713; *Hall v. Time Warner, Inc., supra,* 153 Cal.App.4th at p. 1342.)

In *Flatley v. Mauro* (2009) 39 Cal.4th 299, 313 (*Flatley*), our Supreme Court noted the "purpose of section 425.16 is to prevent the chilling of the 'valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances' by 'the abuse of the judicial process.' (§ 425.16, subd. (a).)" But, as the court pointed out, "[a]s a necessary corollary to this statement, because not all speech or petition activity is constitutionally protected, not all speech or petition activity is protected by section 425.16." (*Flatley, supra*, 39 Cal.4th at p. 313.)

In particular, "section 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a

11

matter of law and, for that reason, not protected by constitutional guarantees of free speech and petition." [7] (*Flatley, supra,* 39 Cal.4th at p. 317; see also, *Novartis Vaccines & Diagnostics, Inc. v. Stop Huntington Animal Cruelty USA, Inc.* (2006) 143 Cal.App.4th 1284, 1288,1300 [individual animal rights' activists terrifying "home visits" of biopharmaceutical employees — in which their windows were broken and cars vandalized — were illegal activities as a matter of law].) Nor can it be invoked by a defendant who is alleged to be vicariously liable for unprotected illegal or tortious activity. (*See Spencer v. Mowat* (2020) 46 Cal.App.5th 1024, 1037-1040.) The *Flatley* court noted "[a] contrary rule would be inconsistent with the purpose of the anti-SLAPP statute as revealed by its language. [Citation.]" (*Flatley, supra,* 39 Cal.4th at p. 317) In fact, "it would eviscerate the first step of the two-step inquiry set forth in the statute if the defendant's mere assertion that his underlying activity was constitutionally protected sufficed to shift the burden to the plaintiff to establish a probability of prevailing where it could be conclusively shown that the defendant's underlying activity was illegal and not constitutionally protected." (*Ibid.*) The court therefore concluded "that where a defendant brings a motion to strike under section 425.16 based on a claim that the plaintiff's action arises from activity by the defendant in furtherance of the

---

[7] Although the Supreme Court has not yet clarified the outer bounds of what activity is "illegal as a matter of law," our colleagues in Division Eight concluded *Flatley's* "use of the phrase 'illegal' was intended to mean criminal, and not merely violative of a statute." (*Mendoza v. ADP Screening and Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1654; accord *Finton Construction Inc. v. Bidna & Keys APLC* (2015) 238 Cal.App.4th 200, 210; *Freemont Reorganizing Corp.* v. *Faigin* (2011) 198 Cal.App.4th 1153, 1169.)

defendant's exercise of protected speech or petition rights, but either the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action." (*Flatley, supra,* 39 Cal.4th at p. 320)

Here, Bauer concedes Mathews's placement and use of the tracking device was illegal and not protected speech. But it insists it merely hired Mathews to take photographs, not illegally place a tracking device. That assertion, however, contradicts allegations in the first amended complaint that Bauer hired Mathews and LA Intelligence both to stake out the hospital during Simmons's visit and to track and report on Simmons's whereabouts, making Bauer vicariously liable for their torts. This factual dispute goes to the merits of plaintiffs' claims and is not relevant to the first prong of the anti-SLAPP inquiry. (*See Malin v. Singer* (2013) 217 Cal.App.4th 1283, 1304, quoting *Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 446 ["Even if we were to accept [the defendants'] assertion that they are innocent of the criminal computer hacking and wiretapping allegations, their claim is 'more suited to the second step of an anti-SLAPP motion. A showing that a defendant did not do an alleged activity is not a showing that the alleged activity is a protected activity'"].) Because Bauer's alleged conduct in the first amended complaint falls outside the protections of the First Amendment and the bounds of section 426.15, the trial court properly denied the anti-SLAPP motion.

13

# DISPOSITION

The order denying the special motion to strike the first amended complaint under section 426.15 is affirmed. Respondents Simmons and Reveles are to recover their costs on appeal.

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.

14

CERTIFICATION FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RICHARD SIMMONS, et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>BAUER MEDIA GROUP USA, LLC,<br><br>        Defendant and Respondent. | B296220<br>(Los Angeles County<br>Super. Ct. No. BC708736)<br><br>ORDER CERTIFYING<br>OPINION FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:*

       The opinion in the above-entitled matter, filed on May 21, 2020, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be certified for publication in its entirety in the Official Reports and it is so ordered.

       There is no change in judgment.

_____

* CURREY, J.,              MANELLA, P.J.,            WILLHITE, J.